IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INTEGRATED BUSINESS ) <br> TECHNOLOGIES, LLC, an Oklahoma ) <br> limited liability company, ) <br>   ) <br>       **Plaintiff and** ) <br>       **Counter-Defendant,** ) <br>   ) <br> vs.   ) <br>   ) <br> **NETLINK SOLUTIONS, LLC,** an ) <br> Oklahoma limited liability company, ) <br> **BRET P. GRADY,** an individual, ) <br> **TYLER MIDDLETON,** an individual, ) <br> **JASON ADAY,** an individual, **KELLY** ) <br> **WHITE,** an individual, **VICTORIA** ) <br> **ASHLOCK,** an individual, **JANE DOE,** ) <br> an individual, and **JOHN DOE,** an ) <br> individual, ) <br>   ) <br>       **Defendants and** ) <br>       **Counter-Claimants,** ) <br>   ) <br> vs.   ) <br>   ) <br> **DAVID DOYLE,** ) <br>   ) <br>       **Counter-Defendant.** ) | Case No. 16-CV-048-TCK-FHM |

## OPINION AND ORDER

Before the Court are Plaintiff Integrated Business Technologies, LLC's Motion to Dismiss Counterclaim for Defamation (Doc. 33) and David Doyle's Motion to Dismiss Counterclaim for Defamation (Doc. 37), both of which are made pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.   Factual Background**

On September 12, 2016, the Court entered an Opinion and Order (Doc. 25) granting in part and denying in part a motion to dismiss filed by all Defendants and permitting Plaintiff Integrated

Business Technologies ("IBT") to file an Amended Complaint. Defendants filed an Answer and Counterclaim, followed by a First Amended Counterclaim "FAC") (Doc. 31). In the FAC, Defendant Netlink Solutions, LLC ("Netlink") asserts three counterclaims solely against IBT. Individual Defendants Grady, Middleton, Aday, White, and Ashlock ("Individual Defendants") assert a counterclaim for defamation against IBT and David Doyle ("Doyle"), a new party. IBT and Doyle filed motions to dismiss the defamation counterclaim on grounds that it fails to state a claim upon which relief can be granted.

## II.   Doyle's Status

The parties dispute whether Doyle is a "counter-defendant" under Federal Rules of Civil Procedure 13(h) (governing joining additional parties to a crossclaim or counterclaim) and 20 (governing permissive joinder), or a "third-party defendant" under Rule 14 (governing third-party practice). There is frequent "confusion between the joinder of additional parties under Rule 13(h) and the impleader provisions of Rule 14." 6 Arthur R. Miller, Mary Kay Kane, Benjamin Spencer, *Federal Practice & Procedure Civ.* § 1434 (3d ed). However, "the two rules are quite different in purpose and effect." *Id.* Rule 14 "deals exclusively with the addition of third parties who may be liable to the third-party plaintiff for part or all of the damages claimed by the original plaintiff," while Rule 13(h) authorizes joinder of parties "only for the purposes of adjudicating counterclaims or crossclaims that already have been interposed in the action or that are being asserted simultaneously with the motion to add the new parties." *Id.*

Individual Defendants' claim against Doyle is not derivative of IBT's claim against them, meaning they do not seek damages from Doyle in the event they are liable to IBT. Instead, these Defendants seek damages from Doyle independently on their own defamation claim. Under these

circumstances, Individual Defendants are correct that Rule 13(h), in conjunction with Rule 20(a)(2), permit joinder of Doyle. *See Skycam, Inc. v. Bennett*, No. 09-CV-294-GKF-FHM, 2010 WL 5376282, at *7 (N.D. Okla. Dec. 22, 2010) (permitting joinder of new party to counterclaim under Rule 13(h) where claim was identical to that asserted against existing plaintiff). 6 Arthur R. Miller, Mary Kay Kane, Benjamin Spencer, *Federal Practice & Procedure Civ.* § 1434 (3d ed). Individual Defendants were not required to seek court permission, and Doyle is properly joined. *See* 6 Arthur R. Miller, Mary Kay Kane, Benjamin Spencer, *Federal Practice & Procedure Civ.* § 1434 (3d ed) (explaining that, although motions to join are commonly filed under Rule 13(h), they are not required). The Court further finds that its above-listed case caption, although suggested by neither party, most clearly reflects each party's interests. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, No. 7:10-CV-63-FL, 2011 WL 3664412 (E.D.N.C. Aug. 18, 2011) (captioning a new counter-defendant in this manner); *see generally* 6 Arthur R. Miller, Mary Kay Kane, Benjamin Spencer, *Federal Practice & Procedure Civ.* § 1434 (3d ed) (explaining that joined parties are to be aligned according to their interests).[1]

**III.     Rule 12(b)(6) Standard**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether a plaintiff has stated a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "[T]he mere

---

[1] Federal question jurisdiction exists in this case. Therefore, Doyle's joinder does not raise jurisdictional "alignment" issues that arise in diversity actions.

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Schneider*, 493 F.3d at 1177. (emphasis in original). The Tenth Circuit has interpreted "plausible," as used by the United States Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla., ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

## IV. Defamation Claim

As explained in the Court's September 12, 2016 Order (Doc. 25), IBT essentially alleges that, on or around December of 2015, Individual Defendant Bret Grady left IBT's employment, formed a new company called Netlink, and poached IBT's employees, in violation of certain agreements and laws. Grady and the allegedly poached employees counterclaim that Doyle, on behalf of and as an agent of IBT, intentionally defamed them by telling Netlink's customers they had engaged in "criminal conduct and other conduct," which lessened their business reputation. Specifically, Individual Defendants allege:

> Doyle has made false and defamatory statements about the Individual Defendants to potential customers and current customers of NetLink. Doyle's statements are false, unprivileged, and have directly injured the Individual Defendants in respect to their business by imputing general disqualification in those respects which the Individual Defendants' occupation peculiarly requires and by imputing criminal conduct and other conduct which has a natural tendency to lessen the Individual Defendants' business reputation and profit. Doyle and IBT have a master-servant relationship. Doyle made these false and defamatory statements while he was acting within the scope of his employment for IBT. Doyle's actions were taken in order to further the interests of IBT and did not arise from some external, independent, and/or personal

motive. As the direct and proximate result of Counter-Defendants' false statements, the Individual Defendants have been damaged in an amount to be proven at trial.

(FAC ¶¶ 36-42.)

These allegations are sufficient to satisfy Rule 8's pleading requirements and to state a plausible claim under Rule 12(b)(6). Individual Defendants allege that Doyle told Netlink customers they had engaged in criminal conduct, presumably in conjunction with their departure from IBT. While no time frame is alleged, the time frame is necessarily sometime between Netlink's formation in December 2015 and the filing of the FAC in October 2016. IBT and Doyle's argument that they lack adequate notice or somehow cannot defend against the defamation claim is unfounded. IBT and Doyle know the speaker, the limited class of recipients of the speech, the general message of criminal conduct allegedly communicated, and a time frame when the defamation occurred. Further details can be fleshed out in discovery, and these allegations are sufficient to "afford [Doyle and IBT] sufficient notice of the communications complained of" and "enable [them] to defend [themselves]." *Cohlmia v. Ardent Health Servs., LLC*, 448 F. Supp. 2d 1253, 1268 (N.D. Okla. 2006).

**V.   Conclusion**

IBT and Doyle's motions to dismiss (Docs. 33, 37) are DENIED.

**SO ORDERED this 9th day of February, 2017.**

5